Turney, J.,
delivered the opinion of the Court.
The decree of the Chancellor is correct.
Andrew Thompson died intestate in Wilson County, in 1860, the owner of land and slaves. Out of the land, dower was assigned to his widow. The slaves and the remainder of the land, were sold at the instance of a part of the distributees, under a decree of the County Court; the slaves on a credit of twelve months, and the land on one, two and three years. George Thompson, a son of Andrew, deceased, was entitled to one-seventh of the estate, after the allotment of dower, &c. The *280 widow of Andrew is dead, and proceedings now pend for the sale of the dower. George is interested to the extent of the dower.
On the 18th of May, 1865, the Bank of Middle Tennessee recovered judgment in the Circuit Court against George Thompson, as maker, and M. L. Kelly, executrix of John Kelly, deceased, accommodation indorser, for 1799.08, and costs.
At the same time, M. L. Kelly recovered judgment by motion against George Thompson, and on the 30th of May, 1865, had a transcript of her judgment registered. On the 24th of February, 1866, execution issued from the last named judgment, and was returned 21st April unsatisfied.
On the 5th of May, 1865, George Thompson, to secure a debt due by note of $2,334, and to indemnify him against loss, as his security for $3,039.70, the purchase money for a tract of land bought at the sale of his father’s lands, conveyed in trust to Mi ah Jennings his entire interest in his father, Andrew Thompson’s estate.
This interest, except that in the dower, consisted of notes in the hands of the Clerk of the Court, who had made sale of the land and negroes, and of such interest as he had acquired by his purchase of the tract of land for which Jennings was his surety. This deed in trust was registered 5th September, 1865, after having' been properly acknowledged before the Clerk of the County Court, on the 5th of May, 1865.
On the 21st of April, 1866, complainant filed her bill, charging that the registration of her judgment gave her *281 a lien on all' the equitable and ’legal interest of George Thompson in that county, and upon his interest in the estate of his father, Andrew; that the deed to Jennings was registered many months subsequent to the registration of her judgment, and must be postponed to the satisfaction of her debt, even if not fraudulent.
This brings us to a consideration of the question whether the interests conveyed are of a character to make necessary under our statutes the registration of the instrument conveying them.
As to the interest in the choses- in action; the notes in the hands of the Clerk; that registration is unnecessary, is not an open question in this State. In the case of Allen v. Bain, 2 Head, 108, in construing the acts of 1831 and 1839, this Court said that, assignments of choses in action — and that would embrace legacies — was not intended by the Legislature to be included in the enumeration of instruments required to be registered. On page 107 it is written: “It has been held in this State, in one or more important cases decided some years ago, that our registry acts did not apply to assignments of choses in action.” There is but little difference in the phraseology of these acts and of the Code;, and we are unable to discover any difference in their meaning or evidence of an intention ■ on the part of the Legislature to enlarge the old acts.
It has been repeatedly held in this State, that a title bond may be assigned without registration ;[1] and if *282 done in good faith, the assignment is good against all persons. This being so, a purchaser at a court sale, without a bond for title, may, for a stronger reason, transfer in good faith, such interest as he acquired under his purchase; and no registration of such transfer is required.
Registration was necessary to the dower interest; and the lien of complainant’s judgment was superior to the title- of Jennings, or rather an encumbrance upon it for the twelve months provided by law for its enforcement. But that time having been allowed to elapse, the lien was lost, and the deed in trust, became effectual by relation from the date of its registration.
The registration of the judgment did not change or-enlarge its lien upon legal estates, the statute relied on only giving a lien upon equitable interests.
The interest of George Thompson in the dower was a legal one, and subject to execution.
It is insisted in argument, that if registration of the deed of assignment was unnecessary, that still it is void for want of notice to the debtors. This question is not made in- the pleading; therefore, we can not consider it. We may remark, however, that if the question were properly raised, it could not avail, under the circumstances of this case.
The Chancellor dismissed the bill. We affirm his decree.

 See Mobinson v. Williams, 3 Head, 541; Ococe Bank v. Nelson, 1 Cold., 186; Mayer v. Pulliam, 2 Head, 347, 350; Allen v. Bain, 2 Head, 100; Fleming v. Martin, 2 Head, 43; Trotter v. Nelson, 1 Swan, 7, 13; Wood v. Chilcoat, 1 *282 Cold., 428; Withers v. Pemberton, 3 Cold., 64; Wilburn v. Spofford, 4 Sneed, 698, 706.